UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**JASON PATZFAHL,**
    **Plaintiff,**

  v.                                           Case No. 20-CV-1202

**FSM ZA, LLC, et al.,**
    **Defendant.**
_____

## ORDER

On October 21, 2021, pursuant to 29 U.S.C. 216(b) I conditionally certified this action as a Fair Labor Standards Act collective action. ECF No. 33. On December 19, 2022, pursuant to Federal Rules of Civil Procedure Rule 23(b)(3), I certified this action as a class action. ECF No. 75. On January 16, 2024, plaintiff filed an Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement and supporting documentation with this Court. ECF No. 91. Based on the parties' submissions, as well as the record as a whole,

**IT IS ORDERED THAT:**

1. Plaintiff's Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement is **GRANTED**. The Settlement Agreement, ECF No. 91-1, is a fair, reasonable, and adequate resolution of a bona fide dispute under the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 104.01 *et seq.*, and Wis. Stat. § 109.01 *et seq.*, ("WWPCL"). Based on a review of the materials submitted by the parties, I find the settlement to be the result of arms-length negotiations conducted after Class Counsel adequately investigated the claims.

2. For settlement purposes, the Court now certifies the following Class as a Rule 23 class and FLSA collective action:

> All current and former delivery drivers employed from August 6, 2017, to June 28, 2021, at Defendants' Toppers stores. These individuals are collectively referred to as "the Class" and individually as "Class Members."

3. The Class meets the requirements for certification of a settlement class under Rules 23(a) and 23(b)(3) of the Rules of Civil Procedure: (a) the Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law or fact common to the Class; (c) certain claims of Plaintiff are typical of the claims of members of the Class; (d) Plaintiff and his counsel will fairly and adequately protect the interests of the Class; (e) common issues predominate over individual issues; and (f) a class action is superior to the other available methods for an efficient resolution of this controversy.

4. The members of the Class are "similarly situated" for purposes of certification under 29 U.S.C. § 216.

5. The Notice of Settlement and procedure set forth in the Settlement Agreement for providing notice to the Class will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), adequately advises the Class of their rights under the settlement, and therefore meets the requirements of due process and is approved.

6. The Notice of Settlement fairly, plainly, accurately, and reasonably informs the Class of: (1) appropriate information about the nature of this Action, the definition of the class, the identity of Class Counsel, and the essential terms of the settlement, including the plan of distribution; (2) appropriate information about Plaintiff's and Class

Counsel's forthcoming applications for the class representative's service payment and the Class Counsel's attorneys' fees and litigation costs award; (3) appropriate information about how to claim a share of the proceeds under the settlement, and about the Class member's right to appear through counsel if they desire; (4) appropriate information about how to object to the settlement or submit an opt-out request, if a Class member wishes to do so; and (5) appropriate instructions about how to obtain additional information regarding this case and settlement.

7. The proposed plan for mailing the Notice of Settlement by first class mail and by email to the Class members' last known addresses is an appropriate method, reasonably designed to reach all individuals who would be bound by the settlement, and the proposed Notice of Settlement and notice plan are the best practicable notice under the facts and circumstances of this case. Likewise, the proposed plan of allowing Plaintiff's counsel to take reasonable measures to update contact information is likewise appropriate.

8. The Court will conduct a Fairness Hearing at **10:00 a.m. on June 17, 2024**, in Courtroom 390, 517 E Wisconsin Ave., Milwaukee, WI 53202 to determine whether the Settlement Agreement should be approved as fair, reasonable, and adequate, to award the parties' agreed upon Service Award to plaintiff, to determine plaintiff's counsel's requested award of attorneys' fees and costs, and to enter the proposed final order approving the Settlement Agreement. Plaintiff and/or his counsel are authorized to appear by videoconference or telephone.

9. Any Putative Collective Member or Putative Class Member wishing to be heard through themselves or counsel must comply with the terms of the Class Notice to submit written objections and to appear at the Final Hearing to present such objections.

3

Case 2:20-cv-01202-LA     Filed 01/22/24     Page 3 of 4     Document 92

10. Any motions in support of the proposed settlement, including but not limited to a Motion for Approval of Attorneys' Fees and Costs, a Motion for Approval of Named Plaintiff's Service Award, and a Motion for Final Settlement Approval, shall be filed no later than ten (10) days before the Final Fairness Hearing.

11. In the event that the settlement is not finally approved, or otherwise does not become effective, the Parties shall revert to their respective positions as of before entering into the settlement.

Dated at Milwaukee, Wisconsin, this 22nd day of January, 2024.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge