IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| Jason Patzfahl, *On behalf of himself and those similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> FSM ZA, LLC, *et al.*, <br><br> Defendants. | Case No. 2:20-cv-1202 <br><br> Judge Lynn S. Adelman |

**PLAINTIFF'S COMBINED UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, MOTION FOR APPROVAL OF ATTORNEYS' FEES AND COSTS, AND MOTION FOR APPROVAL OF PLAINTIFF'S SERVICE AWARD**

Plaintiff Jason Patzfahl asks the Court to grant final approval of the settlement between himself, the FLSA collective, and the Rule 23 class (collectively, "Plaintiffs"), and Defendants FSM ZA, LLC, Perfect Timing, LLC, and Garrett Burns (collectively, "Defendants"). In conjunction with granting final approval, Plaintiff asks the Court to grant approval of the attorneys' fees, costs, and service award detailed in the Settlement Agreement.

The proposed Settlement Agreement, Doc. 91-1, resolves the collective and class-wide claims against Defendants raised in this lawsuit. Defendants do not oppose this motion.

As explained further in the attached Memorandum of Law, Plaintiff requests that the Court grant final approval of the proposed settlement and order the parties to carry the settlement according to its terms.

Respectfully submitted,

*/s/Andrew Kimble*
Andrew R. Biller (Ohio Bar # 0081452)
Andrew P. Kimble (Ohio Bar # 0093172)
BILLER & KIMBLE, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
Telephone: (513) 202-0710
Facsimile: (614) 340-4620
*abiller@billerkimble.com*
*akimble@billerkimble.com*

[www.billerkimble.com](www.billerkimble.com)

Scott S. Luzi, State Bar No. 1067405
WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Facsimile: (262) 565-6469
*sluzi@walcheskeluzi.com*

*Counsel for Plaintiffs*

ii

# Memorandum in Support of Plaintiff's Motion for Final Settlement Approval, Motion for Approval of Attorneys' Fees and Costs, and Motion for Approval of Service Award

1. **Introduction**

Plaintiff Jason Patzfahl, on behalf of himself, the FLSA collective class, and the Rule 23 class, and the Defendants FSM ZA, LLC, Perfect Timing, LLC, and Garrett Burns have reached a settlement that would resolve all the claims raised in this lawsuit as set forth in the Settlement Agreement. *See* Settlement Agreement, Doc. 91-1.

On January 22, 2024, the Court granted preliminary approval of the settlement. Doc. 92. Since then, notices of the settlement were distributed to the class members. Plaintiff now asks the Court to approve the Settlement Agreement as fair, reasonable, and adequate, approve the attorneys' fees, costs, and service award, and order the parties to carry out the settlement's terms.

2. **Summary of Case and Settlement**

In his Motion for Preliminary Settlement Approval (Doc. 91), Plaintiff detailed the claims asserted in this lawsuit, the course of the litigation, the settlement negotiations and considerations, the scope of the release of claims, and the terms of the settlement. Plaintiff incorporates that Motion herein in its entirety.

This is a wage and hour case brought on behalf of the pizza delivery drivers employed by four Toppers Pizza franchise locations owned and operated by Defendants from August 6, 2017, and June 28, 2021. The case settled after Plaintiff prevailed on a motion to dismiss (Doc. 33) prevailed on a motion for FLSA conditional certification (Doc. 33), and prevailed on a motion for Rule 23 class certification (Doc. 75). At the time the settlement was reached, Plaintiff's motion for

1

partial summary judgment, arguing that the delivery drivers were entitled to reimbursement at the IRS standard business mileage rate as a matter of law because Defendants did not collect records of and reimburse for the drivers' actual vehicle expenses, was pending before the Court. *See* Doc. 83. After a mediation, and at the Court's suggestion, the parties reached the settlement previously filed with the Court.

The case involves a wide range of disputes regarding the facts of the underlying claims. For example, the parties dispute how many miles the drivers actually drove, which cannot be precisely determined because of records Defendants kept. As another example, the parties would dispute which individuals and entities qualify as "employers" of the drivers.

In addition to the factual disputes, the case involves an unsettled legal question about how the FLSA and related state wage laws apply to the employment arrangement at issue here, *i.e.*, where an employer requires a minimum wage employee to provide a car to use as a "tool of the trade" in the course of the employer's business. Plaintiff claims the employer must reimburse at the IRS standard business mileage rate if the employer has not tracked and reimbursed for actual expenses. *See, e.g., Hatmaker v. PJ Ohio, LLC*, 2019 U.S. Dist. LEXIS 191790, at *10 (S.D. Ohio Nov. 5, 2019). Defendants claim employers must reimburse a "reasonably approximate amount" of delivery drivers' expenses. *See, e.g., Kennedy v. Mountainside Pizza, Inc.*, 2020 U.S. Dist. LEXIS 154792 (D. Colo. Aug. 26, 2020). And, most recently, the Sixth Circuit held that (1) employers do not comply with the FLSA by reimbursing a "reasonably approximate amount," but also (2) that the IRS standard business mileage does not apply as a matter of law pursuant to *Kisor v. Wilkie*. *See Parker v. Battle Creek Pizza, Inc.*, 9 F. 4th 1009 (6th Cir. 2024). If the Court ultimately adopted the IRS rate, the class would be due up to approximately $93,669.43 in unreimbursed vehicle expenses,
2

plus, potentially, liquidated damages (1× for the FLSA opt-ins, .5× for the Wisconsin class). *See* Kimble Declaration, ¶ 7. But, if the Court followed Defendants' approach, this claim could have been worth $0.

Plaintiff's second claim, the tip credit notice claim, involved a factual dispute about what "notice" employees actually received and, from there, the legal import of that alleged notice. As a result, this claim's value ranged from $0 to $56,444.96, based on an analysis of Defendants' payroll records, plus possible liquidated damages, for the class members.

In light of all of this, the parties' proposed settlement that provides the class of 86 delivery drivers with $99,194.42, exclusive of attorneys' fees and litigation costs, is fair, adequate, and reasonable. The settlement is structured to ensure the money is actually received by the class members (*e.g.*, there is no requirement to make a claim, funds are held in trust for years for late claimants). All class members will receive a check based on their share of the total number of hours worked by the class members, with those who opted into the case for FLSA purposes having their hours counted at 1.25×. Most importantly, the settlement provides the class members with a substantial portion of their alleged unpaid wages on highly contested claims.

### 3. The Notice Period

The Claims Administrator, CAC Services Group, LLC, completed the notice process pursuant to the terms of the Settlement Agreement. Exhibit 1, Declaration of Jeff Johnson. There were only one individual for whom the notice was returned and for whom no updated address was found. *Id.* at ¶ 9. One person opted out of the settlement, leaving 86 class members. *Id.* at ¶ 11. All other responses from class members were positive. The notice process and the response received from class members supports final approval.

### 4. The Court should grant Final Approval of the Settlement.

There is a strong judicial policy in favor of settlement, in order conserve scarce resources that would otherwise be devoted to protracted litigation. *Air Line Stewards & Stewardesses Asso. v. Trans World Airlines, Inc.*, 630 F.2d 1164, 1167 (7th Cir. 1980); *see also Armstrong v. Bd. of Sch. Dirs.*, 616 F.2d 305, 313 (7th Cir. 1980) ("Settlement of the complex disputes often involved in class actions minimizes the litigation expenses of both parties and also reduces the strain such litigation imposes upon already scarce judicial resources") (overruled on other grounds by *Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998)). This includes the "strong initial presumption" in class action cases "that the compromise is fair and reasonable." *In re MicroStrategy, Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 663 (E.D. Va. 2001) (internal quotations omitted).

When approving an FLSA settlement, courts look at whether the settlement is "'a fair and reasonable resolution of a bona fide dispute' over FLSA provisions." *Benoskie v. Kerry Foods, Inc.*, 2020 U.S. Dist. LEXIS 177538, at *5 (E.D. Wis. Sep. 28, 2020) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982)).

With respect to class action litigation, resolution by settlement is favored by the federal courts. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996). Settlement of a Fed. R. Civ. P. 23(b)(3) class action may be approved only if: (1) the individual class members are afforded an opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e).

In reviewing a proposed settlement agreement, courts "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class members. *United Founders Life*

*Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted); *see also Great Neck Capital Appreciation Inv. P'ship, L.P. v. Pricewaterhousecoopers*, 212 F.R.D. 400, 409 (E.D. Wis. 2002) (to approve a settlement, a court must determine that it is "fair, adequate and reasonable, and not a product of collusion.").

The Seventh Circuit has advised courts to evaluate the following factors in determining whether to approve a class action settlement: (1) the strength of the case for plaintiffs on the merits, balanced against the extent of settlement offer; (2) the complexity, length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) stage of the proceedings and the amount of discovery completed. *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014) (quoting *Gautreaux*, 690 F.2d at 631); *Armstrong*, 616 F.2d at 314. These factors support approval here.

On January 22, 2024, this Court granted preliminary approval of the parties' settlement, finding it to be a fair, reasonable, and adequate resolution of a bona fide dispute. Doc. 92. At that point, the Court was in position to evaluate all but one of the six *Wong* factors. Now that the notice period is complete, the Court can evaluate the final factor—the reaction of members of the class to the settlement. The Administrator reports that one individual decided to opt out of the settlement. Ex. 1, ¶ 11. Otherwise, the reaction to the settlement from class members has been entirely positive. This factor, therefore, favors approval of the proposed settlement.

Because all six factors favor final approval of the settlement, Plaintiff asks the Court to grant final approval.

5

Case 2:20-cv-01202-LA    Filed 06/06/24    Page 7 of 13    Document 94

### 5. The Proposed Attorneys' Fees and Costs Award is Reasonable

Under the FLSA and Rule 23, Plaintiffs are entitled to recover reasonable attorneys' fees and costs. *See* 29 U.S.C. 216(b); Fed. R. Civ. P. 23(h). Class Counsel applies for, and Defendants do not object to, an award of attorneys' fees of $130,000.00, to be paid separately from the settlement fund. Plaintiff also seeks reimbursement of $12,345.22 in litigation expenses, also paid separately from the settlement fund. To allow for the class to get their money as fast as possible, nearly half of the attorney's fees and costs ($66,539.64) will be paid through installment payments after the class has already been paid their individual awards in full.

Plaintiff's arguments in favor of the agreed attorneys' fees were explained in his Memorandum in Support of Preliminary Settlement Approval, Doc. 91, pp. 14-22, and Plaintiff incorporates those arguments here.

As explained there, Plaintiff seeks attorneys' fees based on the lodestar method. "There is a 'strong presumption that the lodestar represents the reasonable fee.'" *Ellis v. Whitewater Auto Inc.* 2023 U.S. Dist. LEXIS 20115, at *25-26 (E.D.Wis. Feb. 7, 2023) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

Plaintiff's counsel has expended 663.49 hours[1] on this case to date. These hours were primarily expended on discovery, including depositions, drafting motions and replies for conditional certification and class certification, drafting response briefs to Defendants' Motion to

---

[1] This lodestar includes time for emails received and reviewed by Plaintiff's counsel Andrew Kimble (703 emails) and Andrew Biller (512 emails). These emails were reviewed and subsequently organized into a separate case-specific email folder for time- and record-keeping. For the sake of efficiency, Plaintiff's counsel counts each email as .1 hours, even if it actually took longer than six minutes to review and consider. The lodestar does not, however, include the email hours worked by various associate attorneys who worked on the case through the years, of which there were likely well over 1,000. In Plaintiff's counsel's judgment, providing a precise number of separately-organized emails for the associate attorneys who worked on the case is not necessary considering Plaintiff's lodestar, as currently calculated, is already nearly twice the amount of fees Plaintiff is requesting.

Dismiss, drafting a motion for summary judgment, drafting discovery-related briefs, and negotiating settlement, including preparing for and attending mediation. These hours were reasonable in the pursuit of unpaid wages on behalf of the class of Toppers delivery drivers.

Based on those hours, Plaintiff's counsel's lodestar is $242,010.59. This works out to an average hourly rate of $364.75.[2] The hourly rates used by Plaintiff's counsel ranged from $150 to $650 per hour. These hourly rates are reasonable, especially in light of Biller & Kimble's unique expertise in pizza delivery driver under-reimbursement litigation. "Biller & Kimble, LLC have proven themselves to be highly skilled advocates for pizza delivery drivers and other workers." *McConnell v. EUBA Corp.*, No. 3:18-cv-00355, 2021 U.S. Dist. LEXIS 97576, at *21 (S.D. Ohio May 24, 2021). Courts have "repeatedly" approved the requested hourly rates in other pizza delivery driver cases. *See, e.g., McGrothers v. GT Pizza, Inc.*, No. 2:20-cv-4050, 2022 U.S. Dist. LEXIS 228270, at *16 (S.D. Ohio Nov. 9, 2022) ("This Court previously — and repeatedly — has determined that their hourly rates are reasonable considering their experience, skill, and areas and level of expertise in the area of pizza delivery driver litigation."); *Williams v. GBR Pizza, Inc., et al.*, 2023 U.S. Dist. LEXIS 233405 (M.D. N.C. April 26, 2023); *Clark v. Pizza Baker, Inc. et al.*, 2022 U.S. Dist. LEXIS 198354, *6 (S.D. Ohio Oct. 31, 2022); *Waters v. Pizza to You, LLC*, 2022

---

[2] Since the case began, Plaintiff's counsel has increased their hourly rates. While it would be appropriate to apply counsel's new hourly rates to all of the hours worked on the case, *see, e.g., Collar v. Abalux, Inc.*, 2020 U.S. Dist. LEXIS 209992, at *11 (S.D. Fla. Nov. 9, 2020), Plaintiff has simply used the hourly rates in place at the time the work was completed to calculate the lodestar, and also, to avoid unnecessary complication, used older rates for the recent work performed.

7

U.S. Dist. LEXIS 139084, *5, 13-14 (S.D. Ohio Aug. 2, 2022); *Arp v. Hohla & Wyss Enters., LLP*, 2020 U.S. Dist. LEXIS 207512, *19 (S.D. Ohio Nov. 5, 2020).

| Billing Attorney | Hours | Lodestar |
|---|---|---|
| Andrew Kimble | 122.35 | $72,107.50 |
| Andy Biller | 79.5 | $47,700 |
| Joseph Scherpenberg | 79.04 | $21,355.09 |
| Nathan Spencer | 99.7 | $34,895 |
| Riley Kane | 203.4 | $50,850 |
| Phil Krzeski | 11.2 | $3,920 |
| Samuel Elswick | 8.9 | $2,225 |
| Isabel DeMarco | .6 | $138 |
| Jess Long (Paralegal) | 22.9 | $3,435 |
| Emma Paris (Paralegal) | 4.3 | $645 |
| Meg Beyer (Paralegal) | 31.6 | $4,740 |
| **TOTAL** | **663.49** | **$242,010.59** |

To resolve the matter, Plaintiff has agreed to accept $130,000 in attorneys' fees, which is about half of Plaintiff's counsel conservatively calculated lodestar. This attorneys' fee award is reasonable and should be approved.

In addition, reimbursement of $12,345.22 in advanced litigation expenses, paid separately from the class award, is reasonable. Plaintiff's counsel incurred expenses necessary for the prosecution of the classes claims. The expenses are related to discovery, sending class and collective action notice, mediation, and costs for a data consultant to analyze Defendants' delivery records. These expenses were reasonable and reimbursement pursuant to the settlement agreement should be approved.

6. **The Incentive Payment is Reasonable**

The incentive award to Jason Patzfahl is reasonable and should be approved. The arguments in favor of the incentive award were included in Plaintiff's Memorandum in Support of

8

his Motion for Preliminary Settlement Approval, Doc. 91, pp. 22-23, and those arguments are hereby incorporated herein.

The notice period is now complete, and no class members expressed any concern regarding the incentive award. On the contrary, class members were thankful to Mr. Patzfahl for bringing the case. Plaintiff put his reputation at risk by asserting these claims in federal court, and has taken all necessary steps, in conjunction with his counsel, to bring about a positive result for the class. Thus, the Court should grant final approval of Plaintiff's incentive award.

7. **The Administrative Expenses are reasonable.**

CAC Services, LLC estimates that it will administer the settlement for $5,996.81, and their administration process is already underway. The settlement is arranged to minimize administrative costs, despite Defendants' need for installment payments, by having all class member payments paid out of the first round of payments, and the subsequent installments covering only attorneys' fees and costs (which can be completed without the administrator). The administrative costs are reasonable and should be approved.

8. **Conclusion**

For the foregoing reasons, Plaintiff respectfully requests the Court to enter an Order (1) granting final approval of the settlement; (2) approving Class Counsel's request for attorneys' fees and costs; (3) approving Plaintiff's service award; (4) approving the administrative expenses, (5) directing distribution of the settlement funds pursuant to the terms of the settlement agreement, and (6) retaining jurisdiction over the case to resolve any disputes that might arise.

Respectfully submitted,

*/s/ Andrew Kimble*
Andrew R. Biller (Ohio Bar # 0081452)
Andrew P. Kimble (Ohio Bar # 0093172)
BILLER & KIMBLE, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
Telephone: (513) 202-0710
Facsimile: (614) 340-4620
*abiller@billerkimble.com*
*akimble@billerkimble.com*

Scott S. Luzi, State Bar No. 1067405
WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Facsimile: (262) 565-6469
*sluzi@walcheskeluzi.com*

www.billerkimble.com

*Counsel for Plaintiff*

## Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was served upon counsel for Defendants through the Court's ECF system.

*/s/ Andrew Kimble*
Andrew Kimble